**In re James Earnest WILLIAMS, Gail L. Williams, Debtors.**

**Bankruptcy No. 94–40041.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Aug. 22, 1994.

Edwin R. Byck, Savannah, GA, for movant.

R. Wade Gastin, Savannah, GA, for debtors.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter is before the Court on Motion for Surrender of Non–Residential Property filed by William Bradley ("Movant"). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(E). After conducting a hearing, the Court finds that Movant is entitled to relief under 11 U.S.C. § 365(d)(4). These findings of fact and conclusions of law are published in compliance with Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

James Williams ("Debtor") filed his petition under Chapter 13 of the Bankruptcy Code on January 6, 1994. Movant is the lessor of non-residential real estate located at 2207 Harmon Street, Savannah, Georgia. Debtor, as lessee, operates an upholstery business from the premises.

The lease agreement between Debtor and Movant had not expired prior to the date of filing this case under Chapter 13 of the Bankruptcy Code. Debtor has not made any payments under the lease since filing his petition. Neither the Debtor nor the Chap-

ter 13 trustee has indicated whether he or she intends to assume or reject this executory contract.

Movant served Debtor with a copy of the motion at Debtor's place of business. Debtor does not deny receipt of such notice. Rather, Debtor contends that Movant should have served him at his home address. Therefore, Debtor argues, notice was insufficient.

### CONCLUSIONS OF LAW

Movant asks this Court for relief under 11 U.S.C. § 365(d)(4), which provides:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (Law Co-op.1994).

Neither Debtor nor the Chapter 13 Trustee has assumed or rejected the lease within the 60 day time limit. Instead, Debtor contends that he did not receive sufficient notice of the motion before the Court.

Notice in bankruptcy cases, whether the proceeding is characterized as a "contested matter" under Fed.R.Bankr.P. 9014 or an "adversary proceeding" under Fed. R.Bankr.P. 7001, is accomplished pursuant to Fed.R.Bankr.P. 7004. That Rule provides in pertinent part:

(b) **SERVICE BY FIRST CLASS MAIL.** In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or an incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode *or to the place where the individual regularly conducts a business or profession.*

Fed.R.Bankr.P. 7004(b)(1) (Law Co-op.1994) (emphasis added).

■ Based on the plain language of the Bankruptcy Rules, service upon an individual litigant at his place of business is sufficient. Moreover, Debtor does not contend that he did not receive notice. He merely contests the place of delivery of the notice. The Court finds this contention to be without merit.

■ A more difficult question is presented as to the form of relief which 11 U.S.C. § 365(d)(4) will provide to Movant. Section 365(d)(4) of the Bankruptcy Code requires that if a lease of non-residential real property is not assumed or rejected within 60 days, the lease will be deemed rejected. While courts uniformly agree that such a lease is rejected as a matter of law, there is a substantial disagreement as to the authority of the court to order the surrender of the property. The problem turns on the question of whether the determination that the lease is rejected dictates that the Court enter an order requiring the trustee to "immediately surrender" the property or whether, instead, the landlord must take additional steps which may include requesting relief from the automatic stay and obtaining an appropriate dispossessory order in another judicial proceeding.

There are two views. The first is stated in the case of *In re Adams,* 65 B.R. 646 (Bankr. E.D.Pa.1986). In that case the court rejects the argument "that section 365(d)(4) constitutes an exception to the application of section 362(a).... We emphasize ... that [the] effect of a rejection of a lease per section 365(d)(4), even if followed by a granting of relief from the automatic stay per section 362(a), merely places the creditor in a position to pursue remedies under the state law of landlord and tenant to obtain possession of the premises." The court goes on to say that the landlord "had no reason to conclude that 11 U.S.C. § 365(d)(4) allowed him to take such actions in furtherance of a self-help eviction." The court concluded that the automatic stay under section 362(a) continued in force after the rejection of the lease.

A companion case to *Adams* may be found in *In re Re–Trac Corp.*, 59 B.R. 251 (Bankr. D.Minn.1986). In *Re–Trac*, the court declined to issue an order for surrender of property in the context of a contested matter under Fed.R.Bankr.P. 9014. The court held that requests for the surrender of property are properly sought by a complaint to recover property pursuant to Fed.R.Bankr.P. 7001(1).[1] *Id.* at 258. The court lifted the automatic stay, essentially presenting the landlord with the option of proceeding under state law or filing an adversary proceeding with the bankruptcy court. By doing so, the court acknowledged that the automatic stay remained in effect following the rejection of the lease.

An opposite view is stated by the Ninth Circuit in the case of *In re Elm Inn, Inc.*, 942 F.2d 630 (9th Cir.1991). That court reasoned that Congress intended to grant lessors immediate possession of property once section 365(d)(4) was deemed applicable. *Id.* at 634. The *Elm* court stated that "the plain language and purpose of section 365(d)(4), the necessarily preemptive force of the Bankruptcy Code, and the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order to a lessor who, under the terms of the provision, clearly deserves one." *Id.* at 634. The court concluded that the equitable powers of the bankruptcy court under 11 U.S.C. § 105(a) allowed the court to grant an order for surrender of property. *Id.* at 634.

The difficulty courts experience when called upon to interpret section 365(d)(4) lies in the perceived congressional intent to favor nonresidential landlords over other parties whose rights are also derived from executory contracts. This intention is evidenced by the legislative history of the section. See comments by Senators Dole and Hatch, reprinted in 1984 U.S.Code Congressional and Administrative News 576 (586–87, 590, 598–99).

To be sure, section 365(d)(4) operates in a way which is uniquely proactive. The section provides to the debtor a period of sixty (60) days to make the decision to assume or reject the lease and, upon rejection or upon the failure of the debtor to make such a decision, to terminate the debtor's rights under the lease and direct the trustee to "immediately surrender" the property.

The *Elm*, *Adams*, and *Re–Trac* courts were faced with the dilemma of applying section 365(d)(4) and reconciling its language with other portions of the Code and Rules equally applicable to the rejection of leases and the turnover of property of the estate. Applying section 365(d)(4) requires the court to exercise a certain degree of cognitive dissonance with respect to either the intent of Congress or generally applicable portions of the Code and Rules.[2] The *Elm* court focused on the language of section 365(d)(4) and Congress' intent to conclude that the court could grant an order for surrender of nonresidential property despite provisions of the automatic stay and applicable portions of the Bankruptcy Rules. Acknowledging the language of section 365(d)(4) and Congress' intent, the court resorted to the broad catchall language of 11 U.S.C. § 105(a)[3] in order

---

1. Federal Rule of Bankruptcy Procedure 7001(1) provides:

    An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (1) to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 544(b) or § 725 of the Code, Rule 2017, or Rule 6002 ... Fed.R.Bankr.P. 7001(1) (Law Co-op.1994).

    This contested matter was brought to compel the debtor to deliver property to the landlord, and therefore is squarely within the scope of Rule 7001(1).

2. It is difficult to reconcile section 365(d)(4) with the statutory scheme Congress provided for Chapter 13 cases. Section 365(d)(4) directs the trustee to surrender leased premises to the landlord. In a case under Chapter 13, the trustee has

no rights to possession of the debtor's property. 11 U.S.C. § 1306(b). How can the trustee be ordered to surrender something over which the trustee has no rights of possession? While section 364(d)(4) is somewhat incompatible with other provisions of the code, this fact does not. obviate the court's duty to interpret and apply section 365(d)(4) faithfully considering the intent of Congress and the structure of the existing Code and Rules.

3. 11 U.S.C. § 105(a) (Law Co-op.1994) provides:

    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking

to find the authority to order the surrender of property. In doing so, the *Elm* court implicitly acknowledged that the order for the surrender of property in a contested matter under section 365(d)(4) does not find its support in any of those portions of the Code or Rules addressing the surrender of property of the estate.

The *Adams* court refused such an invitation to disregard applicable portions of the Code and Rules in the name of Congressional intent. That court focused on the broad protection which the automatic stay provided to debtors. The *Adams* court found that the rejection of a lease under that Code section did not obviate the need for obtaining relief from stay before a lessor could pursue state law remedies. Accordingly, the Court did not give the perceived Congressional intent the same degree of weight as did the court in *Elm*.

The *Re–Trac* court struck what may be a comfortable middle ground in holding that the court could entertain requests for the surrender of property only in the context of an adversary proceeding. Otherwise, the automatic stay remains in effect following the rejection of a lease under section 365(d)(4), and a landlord seeking the surrender of property in a contested matter should petition for relief from stay.

This Court is in agreement with the *Adams* court's finding that section 365(d)(4) does not operate as an exception to the automatic stay provisions of section 362(a). This rationale has a sound basis in the reality of bankruptcy proceedings. It is clear that section 365(d)(4) establishes the rejection of a lease as a matter of law. The lease itself is no longer property of the bankruptcy estate. 11 U.S.C. § 541. Although the lease is rejected, the debtor may still have an interest in property located within the leased premises. If a landlord were to exercise control

over property within the premises, even though the lease itself was rejected, such an act might give rise to a debtor's cause of action for violation of the automatic stay. Such is the scope of protection provided by the automatic stay. Petitions for relief from stay enable the Bankruptcy Court to properly supervise the other aspects of the case which may be related to the lease premises.

This Court is also in agreement with the *Re–Trac* decision in finding that bankruptcy courts have the authority to order the surrender of property of the estate only in the context of an adversary proceeding. If this action had been filed as an adversary proceeding, the Court could first determine if the lease had been rejected and, if so, whether stay relief was appropriate. Then, in the context of the same adversary proceeding, the court could decide whether to take the extra step of ordering the turnover of the leased premises.

In summary, this Court's authority to order the surrender of property must be exercised in compliance with the Federal Rules of Bankruptcy Procedure. If this were an adversary proceeding brought by the landlord against the Debtor and the Chapter 13 trustee pursuant to Rule 7001 to recover property as contemplated by section (1) of that rule, this Court would have the authority to enter an order requiring Debtor and the Chapter 13 trustee to surrender the non-residential lease property to the landlord. This case, however, was not brought as an adversary proceeding. Instead it was brought as a contested matter pursuant to Fed.R.Bankr.P. 9014. Since the recovery of property is plainly specified as a type of action which must be brought as an adversary proceeding the Court does not have the authority to enter a turnover order in this contested matter.

---

any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The extremely broad powers of the court unleashed by use of section 105(a) may be analogous to the deadly force concept in the criminal law. No court wishes to unleash a force which is so peculiarly direct in its intended conse-

quences and at the same time so fraught with potential for unintended consequences. Such a force should only be used as a last resort to supply relief which appears to be intended but not specifically provided for by the code. Unbridled use of section 105(a) would undermine and confuse the remainder of the Code and Rules and detract from the consistency upon which stare decisis depends.

Having demonstrated that the lease in question has been rejected under 11 U.S.C. § 365(d)(4), and, further, that "cause" for relief as required by 11 U.S.C. § 362(d)(1) has been shown. Movant will be granted relief from the automatic stay of 11 U.S.C. § 362. Movant may choose to initiate an appropriate action either in state court or as an adversary proceeding in this Court pursuant to Fed.R.Bankr.P. 7001 in order to dispossess Debtor and obtain possession of the leased premises.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

A motion for surrender of non-residential property has been filed by William Bradley ("Movant") in this case. For the reasons stated in the memorandum opinion published pursuant to Fed.R.Bankr.P. 7052, it is hereby

ORDERED that the lease between Movant and Debtor is hereby deemed rejected; and it is hereby further

ORDERED that the Movant is relieved from the automatic stay provisions of 11 U.S.C. § 362(a) and hereafter permitted to enforce its rights under the rejected lease to dispossess the Debtor from the occupancy of the premises.

SO ORDERED.